# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Thomas Lessey<br>        Plaintiff,<br><br>v.<br><br>Broadway Electric;<br>Andre Hicks<br>Does 1-10<br>        Defendants | CIVIL ACTION NO.<br><br>JURY TRIAL DEMAND |

Plaintiff THOMAS LESSEY as and for his complaint, by his undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is a suit to obtain relief for retaliation and denial of benefits, arising from the discrimination and termination of plaintiff's employment by Broadway Electric (hereinafter "Broadway") on or about Feb 2007, for racial discrimination, harassment, and violation of N.Y. Lab. L. §201-d.

## JURISDICTION and VENUE

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. §1981 and 28 U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. §216, et seq. and 29 U.S.C.A. §216(b), 28 U.S.C. §§1343 and 1343(4) and under 29 U.S.C.A. §207(a)(1). This Court's supplemental jurisdiction is invoked on state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C.A. § 1391, as the events in question occurred in New York County, New York.

3. The unlawful employment practices alleged herein were committed in whole or in part in

the Southern District of New York.

4. As the unlawful employment practices complained of herein occurred within New York County, venue is proper in this District.

## PARTIES

5. The plaintiff, Thomas Lessey (hereinafter "Lessey"), an African American male, is a resident of the State of New York.

6. Lessey was employed by defendant Broadway on or about 06/01/2006. Plaintiff served most recently as a technician before he was terminated from his employment by defendant.

7. At all times relevant plaintiff was an "employee" of Broadway within the meaning of the aforementioned statutes.

8. Upon information and belief, Broadway is a New York corporation, and is engaged in business in the state of New York, with an office and place of business in New York, New York.

9. Defendant Andre Hicks, upon information and belief, resides in New York City and most recently was employed as a supervisor at Broadway.

10. As supervisor, during the entire length of plaintiffs' employment at Broadway, Andre Hicks had the power to make personnel decisions regarding plaintiff's employment.

11. At all times relevant to this action, Broadway was an "employer" for purposes of Title VII, 42 U.S.C. §2000(e) et seq., and the aforementioned statutes, and, upon information and belief, employs in excess of 45 people.

12. Does 1-10 are principals, managers and employees of Broadway whose names are

2

unknown who were directly or indirectly responsible for, or involved in, the decision to unlawfully terminate Lessey's employment.

## FACTUAL ALLEGATIONS

13. Broadway hired Plaintiff on or about 06/01/06 as technician on a salaried basis of $48,000 per annum and at all times Lessey was competent and qualified for this position.

14. At all times herein, Lessey was an exemplary employee and did not disobey orders and directives from his superiors.

15. On or about February 2007, plaintiff was approached by a fellow employee, Mr. Sherwin Green, to sign up for union membership to become a member of Local 3 -- International Brotherhood of Electrical Workers. Mr Green also approached other employees to sign the union membership application.

16. Approximately one month after signing the application, Broadway terminated Lessey's employment without warning or explanation.

17. Lessey was never offered any alternative positions within Broadway. Plaintiff made it clear he had no intention of separating from Broadway and that it would be critical for him to have gainful employment to be able to support his household.

18. Upon information and belief, all the employees who signed the union membership application were non-white. Broadway terminated the employment of all of the employees who applied for union membership.

19. Upon information and belief, other employees who did not sign the union membership application retained their employment with Broadway.

20. That but for plaintiff's race and attempt to join a union, he would still be working at Broadway.

21. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

22. As a result of the foregoing, plaintiff has been denied employment; has lost wages, benefits, promotion opportunities and bonuses; and has incurred damages thereby.

23. At all relevant times herein, plaintiff was an exemplary employee.

24. At all relevant times herein, plaintiff did not resign or disobey orders and directives from superiors.

25. The defendants retaliated against plaintiff because of his race and union affiliation in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000e et seq and NY Lab.L. § 201-d.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Plaintiff adopts and incorporates each allegation designated above in support of this Count.

27. In light of the foregoing therefore, the defendants discriminated against plaintiff on account of his race in violation of the 42 U.S.C. Section 1981.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiff repeats and re-alleges each allegation set forth above in support of this count.

29. The defendants retaliated against plaintiff because he attempted to become a member of a union by signing a union membership application, this retaliation is in violation of New York State Labor Law §201-d.

4

## AS AND FOR A THIRD CAUSE OF ACTION

30. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

31. In light of the foregoing therefore, the defendants discriminated against plaintiff on account of his race in violation of the New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A FOURTH CAUSE OF ACTION

32. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

33. In light of the foregoing therefore, the defendants terminated plaintiff on account of his race in violation of the New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A FIFTH CAUSE OF ACTION

34. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

35. In light of the foregoing therefore, the defendants subjected plaintiff to a hostile work environment on account of his race in violation of the New York State Executive Law (Human Rights Law) §296.

## AS AND FOR A SIXTH CAUSE OF ACTION

36. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

37. In light of the foregoing therefore, the defendants terminated plaintiff on account of his membership in a union in violation of the New York State Labor Law §201-d.

## AS AND FOR A SEVENTH CAUSE OF ACTION

38. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

39. In light of the foregoing therefore, the defendants subjected plaintiff to a discriminatory

work environment on account of his union membership in violation of the New York State Labor Law §201-d.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

40. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

41. In light of the foregoing therefore, the defendants discriminated against plaintiff on account of his race in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AS AND FOR A NINTH CAUSE OF ACTION

42. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

43. In light of the foregoing therefore, the defendants terminated plaintiff on account of his race in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AS AND FOR A TENTH CAUSE OF ACTION

44. Plaintiff adopts and incorporates each allegation set forth above in support of this count.

45. In light of the foregoing therefore, the defendants retaliated against plaintiff on account of his race in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

### PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff Thomas Lessey, demands judgment as follows:

(a) against all defendants, declaring the acts and practices complained of herein are in violation of §1981, The Human Rights Law of the City of New York and the Laws of New York.

(b) enjoining and permanently restraining these violations of §1981, The Human Rights Law of the City of New York and the Laws of New York.

(c) directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiffs' employment opportunities;

(d) directing defendants to make them whole for all earnings he would have received but for defendants' unlawful conduct, including, but not limited to, wages, pension, bonuses, and other lost benefits;

(e) to award plaintiff front pay, including, but not limited to, wages, pension, bonuses, and lost benefits;

(f) Directing defendants to pay plaintiff an additional amount as compensatory damages for his pain and suffering;

(g) Directing defendants to pay plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for plaintiff's statutory rights;

(h) Awarding plaintiff such interest as is allowed by law;

(i) Awarding plaintiff reasonable attorneys' fees and costs;

(j) Trial by Jury; and

(k) Granting such and further relief as this Court deems necessary and proper including awarding plaintiff, Thomas Lessey, such damages as may be proved at trial, including back pay, front pay, compensatory damages and punitive damages as well as costs and disbursements of this action.

Dated:     Brooklyn, New York              Respectfully submitted,
           April 24, 2008

/S/ [signature]

NKEREUWEM UMOH [NU7233]; UZOMA EZE
Attorneys for Plaintiff
255 Livingston Street, 4th Floor
Brooklyn, NY 11217
718.360.0527

Defendant's Address:
Broadway Electric
1261 Broadway Suite 609,
New York, New York 10001

8